UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
PAUL GREGORY,

                              Petitioner,

          -against-

ELMIRA CORRECTIONAL FACILITY,

                              Respondent.
------------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 07 2019 ★
BROOKLYN OFFICE

SUMMARY ORDER

19-cv-0291 (ENV)

VITALIANO, D.J.

      *Pro se* petitioner Paul Gregory filed this action, on January 10, 2019, seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.[1] Dkt. 1. He subsequently moved to stay this action in order to exhaust his state court remedies, indicating that he had already begun the process in state court but failing to specify which claims raised in the instant action were unexhausted. Dkt. 7. The Court denied the motion for stay, in the absence of good cause, but granted Gregory 30 days to identify any exhausted claims or seek dismissal of the entire action without prejudice. *See* April 15, 2019 Order. That period has passed, but Gregory has filed no response.

      The Court, then, is faced with a mixed petition, filed sufficiently before the statute of limitations has run that outright dismissal without prejudice would not "jeopardize the timeliness of a collateral attack."[2] *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citation omitted).

---

[1] The Court presumes the parties' familiarity with the relevant factual and procedural history. *See People v. Gregory*, 160 A.D.3d 894, 894, 75 N.Y.S.3d 225, 226 (2nd Dep't 2018), *leave to appeal denied*, 31 N.Y.3d 1148, 108 N.E.3d 504 (2018).

[2] On the face of Gregory's petition, it appears that his ineffective assistance of counsel claim might be unexhausted. *See* April 15, 2019 Order at 3 n.1. The Court previously advised Gregory that AEDPA's one-year statute of limitations started to run in his case on October 21,

1

Accordingly, the petition is dismissed, in its entirety, without prejudice to renewal. *See Bravo v. Unger*, 2014 WL 201472, at *4 (S.D.N.Y. Jan. 16, 2014) (dismissing mixed petition without prejudice after "petitioner declined to remove his unexhausted claim when given the opportunity to do so"). Petitioner is reminded that it is his responsibility to keep track of the statute of limitations and, if he returns to federal court, to do so a timely manner following the resolution of his state court post-conviction motion.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to *pro se* petitioner.

So Ordered.

Dated: Brooklyn, New York

August 6, 2019

s/Eric N. Vitaliano

ERIC N. VITALIANO

United States District Judge

---

2018, and that it "continued to run up until his commencement of state proceedings for collateral relief, and . . . will pick up where it left off after such proceedings have been completed; it is not tolled by the pendency of the instant petition." *Id.* at 3 n.2.